UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-118-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| VON ERIC SWEATT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
|         v. ) | Case No. 1:10-cr-00118-TWP-TAB |
| VON ERIC SWEATT, ) | |
|     Defendant. ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on a Motion for Compassionate Release filed by Defendant Von Eric Sweatt ("Mr. Sweatt") (Dkt. 45). The Court concludes that it does not require a response from the United States to resolve the issues raised in Mr. Sweatt's motion. For the reasons explained below, the Motion is **denied**.

### I.    DISCUSSION

Mr. Sweatt filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) seeking a reduction of his sentence from 384 months of imprisonment to 235 months. (Dkt. 45 at 7.) According to Mr. Sweatt, his guidelines range was 188-235 months of imprisonment, but he was sentenced to 384 months of imprisonment pursuant to his plea agreement. In light of this disparity, he seeks a reduction of his sentence.

Mr. Sweatt also discusses his rehabilitation, his lower likelihood to recidivate due to his age, his familial support and his health. (Dkt. 45 at 7-9.) The Court interprets Mr. Sweatt's motion to be raising these as issues to be considered when the Court is weighing the § 3553 factors, especially in light of Mr. Sweatt seeking a reduction in sentence and not immediate release from prison. For that same reason, the Court does not interpret his motion as one seeking compassionate

release as an inmate with a serious deterioration in physical or mental health because of the aging process where a defendant is over 65 years old and has served at least ten years. U.S.S.G. § 1B1.13, Application Note 1(B).  Moreover, even if he was seeking release on that basis, Mr. Sweatt's motion would be denied as presented because he has provided only two pages of medical records, which indicate that he recently underwent a hip replacement and is temporarily housed in a medical facility, (Dkt. 44 at 2), but that he otherwise appears to be in relatively good health, (Dkt. 45-1 at 11-13).

As an initial matter, the Court notes that within his motion, Mr. Sweatt requests the appointment of counsel to represent him in this matter by marking a check box.  (Dkt. 45 at 10.) But he does not provide any further information about his need for counsel. There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Thus, any request for the appointment of the federal public defender's office is **denied**.

The Court also finds that Mr. Sweatt is not entitled to the appointment of *pro bono* counsel. When addressing a request for *pro bono* counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).

Mr. Sweatt has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be **denied**.

The Court will now address the merits of Mr. Sweatt's motion for compassionate release.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Sweatt's argument that his sentence was improper because it was above the guidelines range is barred by Seventh Circuit precedent. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must "raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022); *see also United States v. Sanford*, No. 22-2416,

2022 WL 17176481, at *1 (7th Cir. Nov. 23, 2022). Accordingly, the Motion for Compassionate Release must be **denied**.

## II.    CONCLUSION

Because Mr. Sweatt has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553 weigh in favor of release.  For the reasons explained above, Mr. Sweatt's motion for compassionate release, Dkt. [45], is **DENIED**.

**SO ORDERED.**

Date:  4/12/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Von Eric Sweatt, #02920-028
MCFP Springfield
Federal Medical Center
P.O. Box 4000
Springfield, Missouri  65801-4000

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov