UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00118-TWP-TAB |
| | ) | |
| VON ERIC SWEATT | ) | |
| a/k/a VON ERIC SQUIRES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00118-TWP-TAB |
| | ) | |
| VON ERIC SWEATT | ) | |
| a/k/a VON ERIC SQUIRES, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Von Eric Sweatt's two Motions for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkts. 70 and 81),[1] Summary Judgment on Compassionate Release (Dkt. 82), and Motion for Request to Supplemental and Amended Filing Pursuant to Federal Rules of Civil Procedure Rule 15(c). (Dkt. 79). For the reasons explained below, Mr. Sweatt's request that the court consider his summary and supplemental filings are **granted in part** and **denied in part**, and his Motions for Compassionate Release are **denied**.

## I. BACKGROUND

Mr. Sweatt is currently serving a 384-month sentence of imprisonment after he pled guilty to five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d). (Dkt. 31 at 1–3). Between October 30, 2009 and March 22, 2010, Mr. Sweatt committed five-armed bank robberies. (Dkt. 84 at 3). During one of those robberies, he told bank employees that he would "put a bullet in your head" if they notified authorities. *Id.* at 4. After he was caught, in a post-Miranda statement,

[1] The filling at Dkt. 81 is titled 28 U.S.C. 994(p) Supplement 15(c), but the Court discerns the filing to be a second motion for compassionate release.

Mr. Sweatt confessed that he had committed 17 bank robberies over the past 25 years. *Id*. at 5. At the time of his current spate of robberies, he was on federal probation for bank robbery. *Id*. Mr. Sweatt's advisory sentencing guidelines range was 188-235 months of imprisonment, but the terms of his binding agreement filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), were "that the specific sentence in this case should be a term of imprisonment of 32 years (, to be followed by a term of supervised release of five years." [2] (Dkt. 19).

The Court denied Mr. Sweatt's first motion for compassionate release (Dkt. 45) on April 12, 2023, on the basis that he could not bring a challenge to an above-guidelines sentence in a motion for compassionate release, and he failed to produce evidence that his medical conditions entitled him to release. (Dkt. 50 at 2-3).

Mr. Sweatt filed the instant Motions for Compassionate release on February 20, 2024 (Dkt. 70) and on April 2, 2026 (Dkt. 81). Like his first motion, Mr. Sweatt argues that he establishes extraordinary and compelling reasons for compassionate release because (1) there is a disparity in his sentencing, (2) he is suffering from serious health issues, and (3) he has engaged in rehabilitative efforts while incarcerated. New to this motion, Mr. Sweatt specifically invokes the United States Sentencing Commission's November 2023 updated sentencing guidelines, including U.S.S.G. § 1B1.13(b)(6) and U.S.S.G. § 1B1.13(b)(5). *Id*. The Government opposes his request for compassionate release. (Dkt. 76).

On April 21, 2025, the Court stayed the proceedings in this matter due to other litigation involving U.S.S.G. § 1B1.13(b)(6). (Dkt. 80). That litigation, United States Supreme Court

---

[2]The Plea Agreement further states that if the Court accepted the binding term, the Government would not seek revocation of the defendant's current term of supervised release (1:94CR000002-001) and that defendant understands the U.S. Parole Commission will decide what effect, if any, his guilty plea and sentencing will have on his current term of parole (1:87CR000117-001). (Dkt. 19).

decision in *Rutherford v. United States*, 608 U.S. 454 (2026), has been resolved and Mr. Sweatt's Motions are ripe for resolution.

The Bureau of Prisons ("BOP") currently reports Mr. Sweatt's anticipated release date as June 27, 2036. *See* https://www.bop.gov/inmateloc/ (last visited November 12, 2026).

## II. DISCUSSION

The Court will first address Mr. Sweatt's ancillary motions, before turning to his pending Motions for Compassionate Release.

### A. Ancillary Matters

In his Motion for Request to Supplemental and Amended Filing Pursuant to Federal Rules of Civil Procedure Rule 15(c) (Dkt. 79), Mr. Sweatt asks the Court to accept his belated reply. This Motion is **granted** to the extent the Court has considered Mr. Sweatt's reply in ruling on the motions.

Mr. Sweatt's August 19, 2026 filing titled Summary Judgment Compassionate release (Dkt. 82) is **granted** in so far as the Court has considered his request for mercy, but for the reasons explained below, is **denied** as to his request that he has demonstrated an extraordinary and compelling reason for compassionate release.

### B. Second Motion for Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court begins with Mr. Sweatt's claims that he is entitled to compassionate release based upon a sentencing disparity. Mr. Sweatt relies on the United States Sentencing Commission's November 2023 amendment which added a new category related to "Unusually Long Sentence," which permitted a defendant to seek release based on nonretroactive changes to a sentencing scheme if the defendant had served at least 10 years of his sentence and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" U.S.S.G. § 1B1.13(b)(6). As the government points out, however, Mr. Sweatt has not been impacted by a change in sentencing law. (*See* Dkt. 76).

Mr. Sweatt's complains that he received an above-guidelines sentence. But for the reasons the Court previously provided, his claim fails[3]. (*See* Dkt. 50 at 4-5). Moreover, even if a change of law could help Mr. Sweatt, in *Rutherford v. United States*, 608 U.S. 454, 473 (2026), the Supreme Court concluded that the Sentencing Commission's amended policy statement conflicted

[3] The Court previously explained that Mr. Sweatt's argument that his sentence was improper because it was above the guidelines range is barred by Seventh Circuit precedent. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must "raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion." *United States v. Martin,* 21 F.4th 944, 946 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022)

with Congress's intent and was therefore invalid. Nonretroactive changes in sentencing laws cannot be considered with respect to motions for compassionate release.

Next, Mr. Sweatt claims that his health problems constitute an extraordinary and compelling reason for compassionate release. He suffers from a heart murmur and "[l]ymph nodes in the HLVM and Aortopulmonary window upper lung field bilaterally." (Dkt. 70 at 7). However, Mr. Sweatt has not provided any evidence that these health issues substantially limit his ability "to provide self-care within the environment of a correctional facility," as required by U.S.S.G. § 1B1.13(b)(1)(B). The Government provided recent medical records for Mr. Sweatt which show that he is receiving treatment for issues such as high cholesterol, urinary tract infections, and unspecified pain, (Dkt. 76-1 at 1-3). None of these conditions are terminal.

In his April 2, 2026, 28 U.S.C. 994(p) Supplement 15 (c), (Dkt. 81), the Court discerns this filing to be a supplement to his motion for compassionate release. The Court has reviewed it and finds it does not require a response from the Government, as it largely reiterates the claims previously presented but notes that Mr. Sweatt is now over 70 years old. Mr. Sweatt also renews his request for counsel in this filing. *Id.* The Court denies any request for counsel for the reasons provided in its previous order. (Dkt. 50 at 4-5).

Mr. Sweatt also notes in his April 2026 supplement that "[a]t the age of 71 his health will not improve in the next few years; his medical state continues to deteriorate at this present time." (Dkt. 81 at 6). While the Court understands as a general proposition that one's health does not generally *improve* with the aging process, he provides no details about his health conditions or whether he can no longer care for himself. Therefore, Mr. Sweatt has not met his burden that his health issues provide an extraordinary and compelling reason for compassionate release.

Next, Mr. Sweatt cites his rehabilitative efforts while incarcerated as an extraordinary and compelling reason for compassionate release. (Dkts. 70, 81). While the court commends Mr. Sweatt for making efforts toward rehabilitation, by statute, rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t).

Mr. Sweatt has not established any extraordinary and compelling reason for a sentence reduction. He also cites U.S.S.G. § 1B1.13(b)(5), stating this the above claims, combined, are enough to be considered an extraordinary and compelling reason for compassionate release. The Court, having found his proffered reasons meritless, disagrees.

Finally, even if Mr. Sweatt had presented extraordinary and compelling reasons for a sentence reduction, the Court would deny his motion because his offenses involved firearms and threats of violence occurred while he was on probation for armed bank robberies, and he presents a danger to the community. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > **(2)** the weight of the evidence against the person;
> >
> > **(3)** the history and characteristics of the person, including--

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Sweatt is incarcerated for committing several armed bank robberies *while on probation* for committing bank robberies[4]. Given the nature of his crimes and the high level of recidivism for defendants who commit robberies, *see (*Dkt. 76 at 19), the Court cannot find that Mr. Sweatt is no longer a danger to society. For these reasons, Mr. Sweatt's motion must be **denied**.

## III. CONCLUSION

For the reasons stated above, Defendant Von Eric Sweatt's Motion for Compassionate Release Dkt. [70], and Second Motion for Compassionate Release (titled 28 U.S.C. 994(p) Supplement 15 (c)), Dkt. [81] are **DENIED**. Mr. Sweatt's Motion for Request to Supplemental and Amended Filing Pursuant to Federal Rules of Civil Procedure Rule 15(c), Dkts. [79] is **GRANTED** to the extent that the Court considered Mr. Sweatt's arguments in this filing. Mr.

---

[4] According to the presentence investigation report, Mr. Sweatt was convicted of his first armed bank robbery on December 15, 1988, in the Southern District of Indiana. (Dkt. 84 at ¶ 79). Shortly after that, on February 16, 1989, he was sentenced by the State of Indiana for Bank Robbery and Criminal Recklessness for an armed bank robbery. *Id.* ¶ 80. During that robbery, a shot was fired into the door of the bank manager's office. *Id.* After taking the money, Mr. Sweatt fled from law enforcement in a car and was only apprehended after he wrecked the car. *Id.* Then, while on parole for the federal bank robbery and probation for the state bank robbery, Mr. Sweatt robbed a Fifth Third Bank on December 14, 1993 while armed with a pistol. *Id.* at ¶ 81. He then fled from the bank and the pursuit of a Federal Bureau of Investigation (FBI) agent, eventually striking the FBI agent in the face. *Id.* While handcuffed, he butted his head against another FBI agent's head. *Id.* That resulted in his second federal conviction, for Armed Bank Robbery and Assaulting a Federal Agent. *Id.* While on supervised release for those offenses, Mr. Sweatt committed the instant offenses, which are five additional armed bank robberies. (Dkt. 84 at 3-6).

Sweatt's, Summary Judgment Compassionate Release, Dkt. [82], is **GRANTED** to the extent that the Court discerns this filing to be a supplement and the Court has considered it in ruling on the motions, and **DENIED** as to granting the relief requested.

**IT IS SO ORDERED.**

Date: November 12, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Von Eric Sweatt
Reg. No. 11606-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

All Electronically Registered Counsel